| | UNITED STATES PATENT AND TRADEMARK OFFICE |
|---|---|
| THIS ORDER IS NOT A PRECEDENT OF THE TTAB | Trademark Trial and Appeal Board<br>P.O. Box 1451<br>Alexandria, VA  22313-1451<br>General Contact Number: 571-272-8500<br>General Email: TTABInfo@uspto.gov |

RK

June 27, 2025

Opposition No. **91290297**

*Beauty House Trading FZ LLE*

*v.*

*Ashley R. Abbott*
*(as corrected from Psychotic Cosmetics)*

**Before Zervas, Cohen and Casagrande,**
**Administrative Trademark Judges**

**By the Board:**[1]

This matter comes up on Applicant's motions for summary judgment[2] and to amend[3] involved Application Serial No. 97632335[4] and Opposer's motion to strike[5]

---

[1] Citations to the record or briefs in this order are to the publicly available documents on TTABVUE, the Board's electronic docketing system. The number preceding "TTABVUE" corresponds to the docket entry number and the number following "TTABVUE" refers to the page number(s) of that particular docket entry, if applicable.

[2] 8 TTABVUE.

[3] 5 TTABVUE.

[4] For the mark PSYCHOTIC COSMETICS and design for "cosmetics; false eyelashes; adhesives for attaching false eyelashes; eyeliners; eyeliner pencils; eyeshadow" in International Class 3. The application was filed on October 14, 2022, under Section 1(b) of the Trademark Act, 15 U.S.C. §˚1051(b).

[5] 17 TTABVUE.

Opposition No. 91290297

materials submitted by Applicant in its reply in support of summary judgment. The motions are fully briefed.

**Background**

On March 13, 2024, Opposer filed a notice of opposition against Application Serial No. 97632335 ("the '335 application") on the sole ground that Applicant lacked a bona fide intent to use the mark in commerce because Applicant was non-existent on the filing date of the application.[6] On April 21, 2024, Applicant timely answered the notice of opposition.[7]

On May 21, 2024, prior to the opening of discovery, Applicant filed an unconsented motion to amend the '335 application to correct the named applicant from Psychotic Cosmetics, LLC, a California limited liability company, to Ashley R. Abbott, an individual citizen of the United States.[8] Briefing on the motion was completed on June 29, 2024.[9]

On July 12, 2024, Applicant also moved for summary judgment on Opposer's claim. In response, Opposer moved for discovery under Fed. R. Civ. P. 56(d), which motion the parties fully briefed.[10] By the Board's order of December 30, 2024,

---

[6] 1 TTABVUE 4, 6-7.

[7] 4 TTABVUE.

[8] 5 TTABVUE. Although the motion refers to Psychotic Cosmetics, LLC, the applicant in the application is identified as Psychotic Cosmetics without the LLC designation. We attribute no significance to this distinction since the application identifies Psychotic Cosmetics as a California limited liability company and there is no indication in the record that Psychotic Cosmetics, LLC and Psychotic Cosmetics are distinct entities.

[9] 6 TTABVUE and 7 TTABVUE.

[10] 9 TTABVUE, 10 – 11 TTABVUE, and 12 TTABVUE.

Opposition No. 91290297

Opposer's motion for Rule 56(d) discovery was denied, briefing on the motion for summary judgment was resumed, and consideration of Applicant's motion for amendment was deferred until the Board's determination of the motion for summary judgment.[11]

Briefing on the motion for summary judgment was completed on February 17, 2025.[12]

**Summary Judgment Standard**

A motion for summary judgment is a pretrial device intended to save the time and expense of a full trial when the moving party is able to demonstrate, prior to trial, that there is no genuine dispute of material fact, and that it is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Opryland USA Inc. v. Great Am. Music Show Inc.*, 970 F.2d 847, 23 USPQ2d 1471, 1472 (Fed. Cir. 1992); *Sweats Fashions Inc. v. Pannill Knitting Co.*, 833 F.2d 1560, 4 USPQ2d 1793, 1795-96 (Fed. Cir. 1987). The evidence must be viewed in a light most favorable to the non-moving party, and all justifiable inferences are to be drawn in the non-movant's favor. *Lloyd's Food Prods., Inc. v. Eli's, Inc.*, 987 F.2d 766, 25 USPQ2d 2027, 2029 (Fed. Cir. 1993); *Opryland USA*, 23 USPQ2d at 1472. A factual dispute is genuine if, on the evidence of record, a reasonable fact finder could resolve the matter in favor of the non-moving party. *See*

---

[11] 13 TTABVUE.

[12] 14 TTABVUE and 15 – 16 TTABVUE.

3

Opposition No. 91290297

*Olde Tyme Foods, Inc. v. Roundy's, Inc.*, 961 F.2d 200, 22 USPQ2d 1542, 1544 (Fed. Cir. 1992).

Where, as here, the party moving for summary judgment does not bear the burden of proof at trial, the party may discharge its initial burden of production by either submitting affirmative evidence that negates an essential element of the nonmoving party's claim or by demonstrating that the nonmoving party's evidence is insufficient to establish an essential element of the claim. *See Celotex*, 477 U.S. at 321-26.

If the movant successfully discharges its initial burden of production, the burden shifts to the nonmovant to demonstrate the existence of a genuine dispute for trial. *Id*. at 324. If the nonmovant's showing is insufficient to demonstrate that a genuine dispute exists on an essential element of the subject claim, the moving party is entitled to judgment as a matter of law. *Id*. at 322.

**Discussion**

In the notice of opposition, Opposer alleges that "Applicant [Psychotic Cosmetics] lacked a bona fide intent to lawfully use the Mark in commerce when it filed the '335 Application" because "Applicant is a non-existent entity that was terminated on or around March 10, 2022 ...."[13] By Opposer's own account, its claim "is wholly premised on this wrongful designation (namely, that Defendant cannot plausibly have had a bona fide intent to use the Mark at the time of filing the '335 Application because it was not even in existence) ...."[14] We read the allegations in the notice of opposition to

---

[13] *Notice of Opposition*, ¶¶ 14-15. 1 TTABVUE 7.

[14] 6 TTABVUE 3. Other than the pleadings, the file of the application or registration that is the subject of the proceeding, and any registration pleaded and made of record by the plaintiff

4

Opposition No. 91290297

plead a claim that the '335 application is void ab initio because (i) it was filed in the name of an entity that did not exist at the time of filing; (ii) a non-existent entity cannot have a bona fide intention to use a mark in commerce; and (iii) Applicant's error is fatal because it cannot be cured. Applicant moved (i) to amend the application to correct the named applicant; and (ii) for summary judgment on Opposer's claim that the application is void ab initio.

As Applicant's motion for summary judgment is predicated on the motion to amend the application, we first turn to the proposed amendment.

*Motion to Amend Application*

When there is a mistake in the manner in which the name of the applicant is set out in an application, the mistake may be corrected by amendment. *See* Trademark Rule 2.71(d), 37 C.F.R. §˚2.71(d). While an application may not be amended to designate another entity as the applicant, if the entity listed as the applicant did not exist on the application filing date, the application may be amended to correct the applicant's name where there is a single commercial enterprise. *See Accu Pers. Inc. v. Accustaff Inc.,* 38 USPQ2d 1443 (TTAB 1996) ("*Accustaff*") (intent-to-use application not void ab initio even though named applicant corporation did not exist on filing date since application was filed, albeit in incorrect name, by same

---

with its complaint, any evidence that a party wishes to have considered on summary judgment must generally be submitted in connection with the briefs on summary judgment. *See Kellogg Co. v. Pack'Em Enters. Inc.*, 14 USPQ2d 1545, 1549 n.9 (TTAB 1990). However, per the Board's order of December 30, 2024, and as acknowledged by Opposer (14 TTABVUE 4), Applicant's motion for amendment and the parties' briefing and exhibits thereto are considered. Thus, to be clear, Opposer's exhibits to the notice of opposition are not in evidence unless they were otherwise submitted in connection with briefing on the motions for amendment or summary judgment.

5

commercial enterprise entitled to claim a bona fide intention to use the mark as of the application filing date).

Here, Psychotic Cosmetics, a California limited liability company, is named as the applicant. Ashley R. Abbott seeks to amend the application to name herself as the correct applicant. In support, Ms. Abbott has submitted a declaration attesting that in September 2021, she "filed the paperwork to form Psychotic Cosmetics, LLC … as a single-member limited liability company," that she was the sole member, that she voluntarily dissolved the company in March 2022, that she retained counsel in October 2022 to file the subject application, that she "inadvertently informed [her counsel] that Psychotic Cosmetics, LLC should be listed as the owner on the new trademark application," that the application was accordingly filed on October 14, 2022, that she is "the only individual or entity that has owned and used the PSYCHOTIC COSMETICS marks commercially or otherwise, and that has owned and operated [her] PSYCHOTIC COSMETICS business," and that, throughout this process, it was she who had the intent to use the PSYCHOTIC COSMETICS mark, either through the named applicant or individually, for the identified goods.[15] None of this is disputed by Opposer. Indeed, Opposer has asserted that "it is undisputed that Psychotic Cosmetics LLC was a non-existent entity at the time the '335 Application was filed" and that "Abbott is and was, at all material times hereto, the

---

[15] *Declaration of Ashley R. Abbott*, ¶¶ 2, 4-5. 5 TTABVUE 11-12.

Opposition No. 91290297

sole owner of the Mark" and that "Abbott, personally and individually, should have been identified as the applicant when the '335 Application was filed."[16]

However, even though Opposer acknowledges that "a permissible correction to an applicant's name is [when] the named applicant did not exist as of the application filing date," Opposer contends that "the application may not be amended to designate another entity as the applicant."[17] While this contention may hold true where separate commercial enterprises exist on the filing date of the application and the application is filed by the wrong enterprise, it does not hold true where, as here, an application is mistakenly filed in the name of an entity that used to exist by an individual who constitutes the same single commercial enterprise as the former entity but who now seeks to correct the error. *See Accustaff*, 38 USPQ2d at 1445 ("This is not a case where two separate commercial enterprises are in existence on the application filing date, and the application is filed by the wrong one.").

In view of Ms. Abbott's verified statements which are not controverted by Opposer, we find that Ms. Abbott is the person who intended to use the mark, whether individually or through her company, Psychotic Cosmetics, LLC; that Ms. Abbott merely misidentified herself as a limited liability company that was not extant at the time of application; and that such error is a curable defect. *See id.*; *but cf. Am. Forests*

---

[16] 6 TTABVUE 4 and 6. Since the question of ownership of a mark is immaterial as it relates to the requirements of an intent to use application, we view the parties' statements of ownership as going to Ms. Abbott's bona fide intent in the context of considering whether there was a single commercial enterprise entitled to claim a bona fide intention to use the mark as of the application filing date.

[17] *Id.* at 5 (emphasis removed).

Opposition No. 91290297

*v. Sanders*, 54 USPQ2d 1860, 1863-64 (TTAB 1999) (Section 1(b) application void where testimony showed individual applicant never intended to use the mark alone but rather in a partnership with her husband), *aff'd*, No. 00-1057, 232 F.3d 907 (table), 2000 WL 274174 (opinion) (Fed. Cir. 2000). Applicant's motion for amendment is accordingly **GRANTED**.

*Applicant's Motion for Summary Judgment*

By way of Applicant's amendment, Applicant negated an essential element of Opposer's claim, i.e., that the misidentification of the proper applicant could not be cured. Since no genuine dispute remains as to this essential element, Applicant is entitled to judgment as a matter of law on Opposer's claim that the subject application is void ab initio.[18] *See Celotex*, 477 U.S. at 321-26.

**Decision**

Applicant's motion for summary judgment is **GRANTED** and the notice of opposition is **DISMISSED with prejudice**. Application Serial No. 97632335 will proceed to issuance of a notice of allowance.

* * *

---

[18] Since we have not considered any of the materials Applicant submitted with her reply, Opposer's motion to strike them is moot.