UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

BEAUTY HOUSE TRADING FZ LLE,  CASE NO.: _____
a foreign business entity,

      Plaintiff,

v.

PSYCHOTIC COSMETICS, a purported California
limited liability company, and ASHLEY R. ABBOTT,
an individual

      Defendants.
_____/

## COMPLAINT

Plaintiff, BEAUTY HOUSE TRADING FZ LLE (hereinafter "Plaintiff"), a foreign limited liability company, by and through the undersigned counsel, hereby files this Complaint against Defendants, PSYCHOTIC COSMETICS ("Defendant PC"), a purported California limited liability company, and ASHLEY R. ABBOTT ("Defendant Abbott"), an individual (Defendant PC and Defendant Abbott collectively referred to as "Defendants") and, in so doing, state as follows:

### NATURE OF THE ACTION

1. This action is brought under 15 U.S.C. § 1071(b), which provides a district court jurisdiction and authority to "adjudge that an applicant is entitled to a registration upon the application involved" in an opposition proceeding and to adjudge "such other matter as the issues in the proceeding require, as the facts in the case may appear."

### JURISDICTION, VENUE AND THE PARTIES

2. This Court has subject matter jurisdiction over this Complaint by virtue of Title 15 U.S.C. §1071(b) and 28 U.S.C. §§ 1331, 1338.

3. Plaintiff is a foreign limited liability company legally organized under the laws of the United Arab Emirates (UAE).

4. In the Opposition Proceeding (defined herein), Defendants served multiple pleadings on Plaintiff, through its agent, within this judicial district and made multiple communications to Plaintiff, through its agent, within this judicial district.

5. This Court has personal jurisdiction over Defendants because Defendants have business contacts with the state Florida by at least their marketing and advertising to Florida consumers, including within this judicial district. *See, e.g.*, https://psychoticcosmetics.com ("Defendants' Website"), https://www.instagram.com/psychoticcosmetics/ ("Defendants' IG Page"), https://www.etsy.com/shop/Psychoticcosmetics ("Defendants' Etsy Page").

6. Defendants also availed themselves to the jurisdiction within this judicial district by actively litigating against Plaintiff, through its agent located in this judicial district, in the Opposition Proceeding.

7. On Defendants' Esty page, an individual by the name of "Ashley Rae" is the purported owner of said page.

8. Upon information and belief, Defendants also sell goods to Florida consumers, including consumers within this judicial district. *See supra*, ¶ 5.

9. Venue is proper in this District under 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims herein occurred in this judicial district and/or because there is no better district in which to bring this action and this Court has otherwise personal jurisdiction over Defendants.

10. All conditions precedent have been met, waived, or satisfied to bring this lawsuit.

**GENERAL ALLEGATIONS**

11. On March 14, 2023, Plaintiff filed U.S. Trademark Application Serial No. 97838970 ("the '970 Application") for the design mark below (hereinafter "Plaintiff's Mark"):



12. The '970 Application was filed under an intent-to-use ("ITU") basis pursuant to 15 U.S.C. § 1051(b) and sought protection for the following goods: "Aftershave; Cosmetics; Fragrances; Incense; Perfume; Shampoos; Bath preparations, not for medical purposes; Beauty masks; Body creams; Body lotion; Body sprays; Cosmetic oils; Deodorants for personal use; Eaux de cologne; Eaux de toilette; Essential oils; Hair lotion; Lotions for cosmetic purposes; Make-up; Scented room sprays; Shaving cream; Shaving foam; Shaving preparations; Cosmetic preparations for bath and shower; Non-medicated soaps."

13. On December 13, 2023, the U.S. Patent and Trademark Office (USPTO) issued an Office Action in the '970 Application, citing the mark in U.S. Trademark Application Serial No. 97632335 ("the '335 Application") as a potential basis for a likelihood of confusion refusal of Plaintiff's Mark.

14. On October 14, 2022, the '335 Application was filed by Defendant Psychotic Cosmetics, which was identified as "a limited liability company legally organized under the laws of California". **Exhibit A** attached hereto, which represents a true and accurate production of the '335 Application at the time of initial filing.

15. The '335 Application was filed under an ITU basis for the design mark below (hereinafter "Challenged Mark") and for the following goods "Cosmetics; false eyelashes; adhesives for attaching false eyelashes; eyeliners; eyeliner pencils; eyeshadow; makeup organizers" ("Challenged Goods"). *Id.*



16. Upon information and belief, the Challenged Mark has never been utilized with the sale of any goods, including the Challenged Goods.

17. As of the date this complaint was filed, the only use of the Challenged Mark is on Defendants' Website, which states that the "Store is Under Maintenance". A true and accurate depiction of Defendants' Website is reproduced below.



18.   Upon information and belief, Defendant PC was a California limited liability company that was formed in or around September 13, 2021, and that subsequently became inactive and terminated on or around March 10, 2022.

19.   Upon information and belief, Defendants have never owned or leased any commercial space to transaction business under the Challenged Mark.

20.   Upon information and belief, Defendants do not have any commercial licenses or business tax receipts associated with or regulating any commercial transaction(s) under the Challenged Mark.

21.   Upon information and belief, Defendants never sold any of the Challenged Goods under the Challenged Mark.

22.   The address for both Defendants appears to be a personal residence or otherwise a physical location not licensed for commercial purposes.

23.   Upon information and belief, Defendants do not have, nor have they ever had a "seller's permit" as required by Title 18, Div. 2, Chapter 2, Regulation 1699 of the California code.

24.   Upon information and belief, at the time of filing the '335 Application: (a) Defendant PC was not in existence; (b) Defendants had never made use of the Challenged Mark; (c) Defendants never had a bona fide intent to use the Challenged Mark in interstate commerce; and (d) Defendant PC did not assign any rights to the Challenged Mark to Defendant Abbott.

25.   On March 13, 2024, Plaintiff filed a Notice of Opposition at the Trademark Trial and Appeal Board ("TTAB") against registration of the '335 Application ("Opposition Proceeding"), seeking to refuse registration of the Challenged Mark because Defendant PC did

not have a bona fide intent to use the Challenged Mark in commerce when the '335 Application was filed.

26. The Notice of Opposition was given a number of 91290297.

27. In response to the Notice of Opposition, Defendant PC filed an answer on April 21, 2024, and, on May 21, 2024, filed a motion to amend the application to change the owner on the application from Defendant PC to Defendant Abbott, wherein Defendant PC, on behalf of Defendant Abbott via a declaration, made multiple factual statements and attached documents to said declaration in an attempt to persuade the TTAB to amend the '335 Application to substitute the owner from Defendant PC to Defendant Abbott and concerning Defendant PC's purported intent to use the Challenged Mark at the time of filing the '335 Application.

28. Plaintiff opposed Defendant PC's motion to amend and on July 12, 2024, Defendant PC filed a motion for summary judgment against Plaintiff's claim of lack of bona fide intent, wherein Plaintiff requested discovery under Fed. R. Civ. P. 56(d) to counter the factual averments made by Defendant PC and otherwise argue against Defendant PC's motion for summary judgment.

29. On December 30, 2024, the TTAB issued an order suspending the proceedings, deferring the ruling on Defendant PC's motion to amend "until the Board's determination of the motion for summary judgment," and denying Plaintiff any ability to conduct discovery. The TTAB did permit Plaintiff to provide a response to Defendant PC's summary judgment, which was filed by Plaintiff on January 28, 2025.

30. On June 27, 2025, the TTAB issued an order granting Defendant PC's motion to amend and Defendant PC's motion for summary judgement, dismissing the Opposition Proceeding with prejudice. *See* **Exhibit B**.

31. On July 28, 2025, pursuant to 37 CFR § 2.129(c) and Federal Rules of Civil Procedure 59(e) and 60, Plaintiff filed a motion for reconsideration, to alter or amend final judgment, and/or for relief from the final judgment because the Board had made multiple errors in its final order issued on June 27, 2025, including that the TTAB committed clear error of law when it denied Plaintiff's motion for Rule 56(d) discovery, when it granted Defendant PC's motion to amend, and when it granted Defendant PC's motion for summary judgment.

32. The Board denied the motion for reconsideration on January 7, 2026. Given rise to this appeal *de novo* and action under 15 U.S.C. § 1071(b).

33. The dismissal with prejudice was wrongly decided by the TTAB and Plaintiff challenges the same.

34. The TTAB's decision was legally and factually and legally erroneous in many material respects. Amongst the glaring flaws in the decision, the TTAB:

- Relied on asserted facts of Defendant PC without evidentiary support;

- Denied Plaintiff due process when it failed to permit discovery by Plaintiff to ascertain the veracity of Defendant PC's asserted facts;

- Failed to follow precedent by denying Plaintiff the ability conduct discovery to contradict and/or verify factual statements asserted by Defendant PC;

- Failed to follow precedent and rules by allowing Defendant PC to correct ownership of the '335 application; and

- Failed to follow precedent by not finding the '335 Application is void ab initio.

35. Plaintiff believes that Defendants, in particular Defendant PC, has not made and does not intend to make bona fide use of the Challenged Mark and that Plaintiff is wrongfully harmed and will be wrongfully harmed by the registration of the '335 Application.

36. As a result, Plaintiff is forced to file this Action, retain counsel, and seek *de novo* relief from the Court, which has jurisdiction under 15 U.S.C. §1071 to review the determination of the TTAB and accept and consider new evidence in doing so.

37. Plaintiff intends to: (a) seek and introduce evidence in this case, beyond that which was considered by the TTAB; (b) develop and pursue such new evidence to the full extent permitted by the Federal Rules of Civil Procedure and Federal Rules of Evidence; and (c) request that this Court undertake *de novo* review for any factual disputes in this case.

38. Plaintiff has complied with and met all conditions precedent and concurrent to the bringing of this action, or all conditions precedent and concurrent to the bringing of this action have been waived or excused by the Defendants' conduct.

## COUNT I - REVIEW OF TTAB BOARD FINAL DECISION
### (AGAINST ALL DEFENDANTS)

39. Plaintiff realleges and revers paragraphs one (1) through thirty eight (38) as if fully set forth herein.

40. 15 U.S.C. § 1071 authorizes a party dissatisfied with a final decision of the TTAB to seek judicial review by a civil action commenced in United States District Court.

41. The decisions of the TTAB issued on June 27, 2025, and January 7, 2026, are final decisions subject to review under 15 U.S.C. §1071.

42. The TTAB's conclusions of law and findings of fact are incorrect and not supported by the evidence. The Board erred in dismissing the Notice of Opposition with prejudice.

43. Plaintiff is dissatisfied with the final decisions of the TTAB, and seeks *de novo* review of the legal and factual errors made by the TTAB in rendering its final decision and

consideration of such further and additional evidence and argument to be presented by Plaintiff to this Court.

44.     Plaintiff seeks an order reversing the decisions of the TTAB, sustaining the opposition against the '335 Application, and reversing the decision to allow a modification of ownership of the '335 Application.

### COUNT II - SUSTAINING OPPOSITION AGAINST THE '335 APPLICATION FOR FAILURE TO HAVE A BONA FIDE INTENT-TO-USE
(AGAINST ALL DEFENDANTS)

45.     Plaintiff realleges and revers paragraphs one (1) through thirty eight (38) as if fully set forth herein.

46.     Defendants did not have a bona fide intent to lawfully use the Challenged Mark in commerce at the time of filing the '335 Application.

47.     The '335 Application is void *ab initio* under 15 U.S.C. § 1051 due to Defendants failure to have a bona fide intent to use the Challenged Mark at the time of filing the '335 Application.

48.     Plaintiff has been and is continuing to be damaged should the '335 Application be allowed to proceed to registration.

**WHEREFORE**, Plaintiff respectfully requests that the Court enter judgment against Defendants, as follows:

a.      Reversing the aforementioned decisions of the TTAB;

b.      Ordering the United States Patent and Trademark Office to cancel the '335 Application on the grounds that the TTAB committed error and/or that Defendants have failed to have a bona fide intent to use the Challenged Mark in lawful commerce and/or that the '335 Application is void *ab initio*; and

  c. Awarding Plaintiff such further relief as this Court deems just, proper, and equitable.

Dated: February 4, 2026

                Respectfully submitted,

                By: /s/ Mark C. Johnson
                Mark C. Johnson, Esq.
                MJ@JohnsonDalal.com
                Service@JohnsonDalal.com
                Fla. Bar. # 84365
                Veronika Balbuzanova, Esq.
                VB@JohnsonDalal.com
                Fla. Bar. # 1018462

                **JOHNSON | DALAL**
                111 N. Pine Island Road
                Suite 105
                Plantation, FL 33324
                ***Attorneys for Plaintiff***